UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeffrey S. Pepin

   v.                                             Civil No. 11-cv-515-PB

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

    Jeffrey Pepin filed a petition for a writ of habeas corpus (doc. no. 1). On March 6, 2012, this court issued an order (doc. no. 5) directing Pepin to amend his petition to demonstrate exhaustion of his claims. In response, Pepin filed an addendum, with attachments, to his habeas petition (doc. no. 6).

    The court has carefully reviewed Pepin's pleadings (doc. nos. 1 and 6), and the attachments appended thereto. Pepin has demonstrated that he has exhausted his state court remedies for the majority of his claims. Two claims identified in the March 6 order (doc. no. 5), however, merit further attention, as follows.

I.   Claim 5 – Actual Innocence

In his petition (doc. no. 1), Pepin sets forth a claim alleging "actual innocence," which is numbered Claim 5 in the March 6 order.  Upon review of the addenda Pepin has recently filed (doc. no. 6), however, the court now concludes that Pepin's "actual innocence" claim is simply another manner of stating his claims alleging that he was improperly convicted of certain offenses and improperly sentenced thereon.  Those improper conviction and sentence claims are numbered Claims 3(a)-(d) in the March 6 order.  The identification of a separate Claim 5 is unnecessary, and the court will hereinafter construe the petition to consist of Claims 1-4, and their subparts, as identified in the March 6 order (doc. no. 5).

II.  Unexhausted Claim

Pepin raised one claim in his petition, identified in the March 6 order as Claim 1(a), alleging that Pepin's trial attorney provided him with ineffective assistance of counsel, in violation of Pepin's Sixth and Fourteenth Amendment rights, when the attorney failed to request a certain limiting instruction at trial.  After careful review of all of the documents submitted by Pepin in this matter, the court can find no mention, in any document presented to the New Hampshire Supreme Court, of trial

counsel's failure to request a limiting instruction. Accordingly, Pepin has failed to demonstrate exhaustion of Claim 1(a).

Pepin has demonstrated exhaustion of all of the other claims in the petition. The inclusion of the unexhausted Claim 1(a), however, renders the petition "mixed." A "mixed petition" containing both exhausted and unexhausted claims must be dismissed, without prejudice, in its entirety. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

The court may grant a stay in a federal habeas action to allow a habeas petitioner the opportunity to exhaust all of his claims in the state courts. See id. at 278-79. Alternatively, a petitioner may be granted leave to file an amended petition that omits the unexhausted claims. See id. Although in choosing to forego unexhausted claims, the petitioner risks losing the chance to file those claims in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b). The court therefore directs Pepin either to file an amended petition demonstrating that Claim 1(a) is in fact exhausted, to request a stay in this matter so that he can complete exhaustion of that claim, or to notify the court that he would like to forego Claim 1(a) and

have the remainder of the claims in his petition promptly considered.

## Conclusion

For the reasons discussed herein, within thirty days of the date of this order, Pepin is directed to:

1.   File an amended habeas petition demonstrating exhaustion of Claim 1(a); or

2.   File a motion to stay the habeas petition so that Pepin can exhaust Claim 1(a) in the state courts; or

3.   File a notice stating his intention to forego Claim 1(a), so that the remainder of his claims may proceed at this time.

Failure to comply with this order may result in this court's recommendation that the petition be dismissed without prejudice for failing to demonstrate exhaustion of each claim therein.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 16, 2012

cc:   Jeffrey S. Pepin, pro se

LBM:jba